## WOODRUFF & PARKER *vs.* PARHAM.

[TRESPASS AGAINST TAX-COLLECTOR.)

1. *State taxation of imports.*—*Held*, on the authority of *Hinson v. Lott*, (40 Ala. 123,) that the provision contained in the tenth section of the first article of the constitution of the United States, which prohibits the

States to "lay any imposts or duties on imports," does not take away from the State the right to tax, or to delegate to a municipal corporation the power to tax, the sales of articles which have been brought here from other States of the Union, although they are sold by the importer in the form, bulk, and packages in which they are so imported.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by the appellants, against John Parham, to recover damages "for wrongfully taking the following goods and chattels, the property of the plaintiffs—that is to say, fifty barrels of whiskey, and twenty cases of dry goods;" and was commenced on the 1st November, 1866. The cause was submitted to the decision of the court below, on an agreed statement of facts, which is as follows:

"It is agreed in this case, that the defendant is the duly appointed and qualified tax-collector of the city of Mobile; that the city of Mobile is a municipal corporation, existing under the laws of Alabama; and the charter thereof, approved 2d February, 1866, is made a part of this agreement. It is agreed, that said corporation, claiming to act under the authority of said charter, passed an ordinance on the subject of taxation for city purposes, and thereby levied a tax of 50 cents on every one hundred dollars of the gross sales of merchandise sold within the city of Mobile. The ordinance upon this subject (pages 196 to 209 of the Municipal Code) is made a part of this agreed case. It is agreed that the plaintiffs are merchants, engaged in business in the city of Mobile, as auctioneers and com-, mission-merchants. In the course of their business, and prior to the commencement of this suit, said plaintiffs, for their own account, or as consignees and agents for others, have imported or received from States of the United States other than the State of Alabama, and from beyond the limits and jurisdiction of the State of Alabama, to-wit, from the States of New York, Massachusetts, Pennsylvania, Ohio, Missouri, Georgia, and Louisiana, large quantities of goods and merchandise, the product or growth of said States, and sold the same in Mobile, to the amount of

$300,000; and that a tax thereon, of 50 cents upon the hundred dollars, amounts to the sum of $1500. All of said goods were sold by said plaintiffs, in Mobile, to consumers or purchasers, in the original packages, as they were received and imported into Alabama from said States; and they have sold none of said goods in broken packages, or at retail, but have dealt in such goods, which consisted mainly of liquors, dry goods, and tobacco, solely and only as they were imported in such original and unbroken packages, into the city of Mobile and State of Alabama. Said defendant has demanded of said plaintiffs the said amount of $1500, as the tax legally due to the said city of Mobile, under and by virtue of the legislation, State and municipal, hereinbefore referred to. Said plaintiffs have refused to pay said tax so demanded, upon the allegation that the imposition thereof is illegal, and beyond the constitutional pow er of the State of Alabama to authorize, and of said municipal corporation to demand. To enforce the collection of said tax, and for no other purpose, the said defendant, in his said official character as tax-collector, has levied upon, and seized into his possession, the goods in the complaint mentioned. It is agreed that either party may refer to any statute of Alabama, and ordinance of the city of Mobile, that he m..v have occasion to use. If it be the opinion of the court, that the tax herein described is constitutional, and within the right and power of said city of Mobile to demand and enforce, then judgment shall be entered against the plaintiffs, for the costs of the suit; but, if it be the opinion of the court that said tax is illegal, and ought not to be enforced, then judgment shall be entered for plaintiffs, and against the defendant, for the sum of $2100 damages, and costs of suit. The plaintiffs contend, that the tax claimed of them, and the statute of Alabama authorizing the same, are in violation of the constitution of the United States, paragraph 2, section 10, article 1. It is agreed that either of said parties may appeal from the judgment that may be rendered in the cause, to the supreme court of Alabama, at the first session thereof after the rendition of judgment by said circuit court, and the cause

Woodruff & Parker v. Parham.

be then argued and determined without further citation or delay."

"The court thereupon held, that the defendant was not liable, and rendered judgment for costs against the plaintiffs; to which the plaintiffs excepted," and which they now assign as error.

P. HAMILTON, for appellants.

W. BOYLES, and THOS. H. HERNDON, *contra*.

A. J. WALKER, C. J.—In this case, the constitutional power of a municipal corporation to tax the sales of articles brought into this State from other States of the Union, when sold in the form, bulk, and packages in which they were brought in, is involved. The appellant claimed in the court below, as he does in this court, a right of exemption from such tax, under the second paragraph of the tenth section of the first article of the constitution of the United States. He farther claims here, as he did in the court below, that the law, or ordinance, under which such tax was levied, contravenes the constitutional provision above stated. The question of the exemption from taxation claimed, and of the constitutionality of the law or ordinance under which the tax was levied, arose in the court below, and was decided against the appellant. Upon the authority of our decision in *Hinson v. Lott*, (40 Ala. 123,) we decide, that the appellant has not the right of exemption from taxation claimed, and that the law, or ordinance, under which the tax upon sales in the original package and bulk of articles brought into this State from other States, was levied, does not contravene the constitution of the United States; and we affirm the judgment of the court below.